UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
United States of America,

           -against-

Michael Pastore,

           Defendant.
------------------------------------------------------------X

17-cr-343 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Defendant Michael Pastore ("Defendant" or "Mr. Pastore") is charged with one count of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. Presently before the Court is Defendant's motion for a transfer of venue to the Southern District of Florida for trial, which Defendant argues is the natural and proper venue for this case. In the event that this Court refuses to transfer this action, Defendant alternatively moves to require early notice of any Rule 404(b) evidence of other crimes, wrongs, or bad acts allegedly committed by the accused that the Government intends to introduce at trial.

For the following reasons, Defendant's motions for a transfer of venue to the Southern District of Florida and early disclosure of Rule 404(b) evidence are DENIED.

## FACTS

In June of 2017, a grand jury sitting in the Southern District of New York returned an indictment charging Defendant Michael Pastore with one count of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. (ECF No. 10.) The indictment alleges, in relevant part:

> From in or about January 2016 to in or about March 2016, in the Southern District of New York and elsewhere, Michael Pastore . . . engaged in a scheme to defraud Bank of America, TD Bank, and an individual with initials E.C.C. and caused

> interstate and foreign wire communications to further the scheme by withdrawing the fraudulent proceeds from his bank account.

(Indictment at 1, ECF No. 10.) The Complaint more specifically alleges that in December of 2015, a commercial real estate corporation mailed a check to Mr. Pastore's address in the amount of $52, 506.53. (Compl. at 2, ECF No. 1.) Mr. Pastore, however, was not the check's intended recipient. Rather, the check was made payable to an individual with the initials E.C.C. ("E.C.C."). (*Id*.) Unbeknownst to the check's sender—E.C.C.'s cousin—E.C.C. no longer resided at the West Palm Beach, Florida residence, which had since been rented to Mr. Pastore. (*Id.*) In January of 2016, E.C.C.'s cousin realized his mistake and attempted to stop payment on the check, but learned that it had already been negotiated. (*Id.*)

The Government alleges that Mr. Pastore received the check in question via mail and deposited it into a TD bank account using an automated teller machine ("ATM") in West Palm Beach, Florida on January 29, 2016. (*Id*. at 3.) On February 3, 2016, the Government further alleges, Mr. Pastore withdrew $9,500 from this same TD bank account in Mt. Kisco, New York. (*Id.*)

Mr. Pastore was arrested and eventually entered a plea of not guilty on June 12, 2017 before the Honorable Paul E. Davison in this District. He was released on bail and remains at liberty in Florida, where he currently resides.

Defendant filed the instant motion to transfer this action to the Southern District of Florida on November 17, 2017. (Def.'s Mot. and Mem. of Law to Change Venue ("Def.'s Venue Mot.") at 1, ECF No. 13.) In the alternative, Defendant requests that this Court require that the Government provide notice of its intention to introduce Rule 404(b) evidence of other crimes,

wrongs, or bad acts allegedly committed by the accused at least sixty days[1] before trial. (Def.'s Mot. and Mem. of Law to Require Early Disclosure of Rule 404(b) Evidence ("Def.'s Rule 404(b) Mot.") at 4.) The Court now considers each motion in turn.

**I. Transfer**

    **A. Legal Standard**

Rule 21(b) of the Federal Rules of Criminal Procedure provides that "[u]pon the defendant's motion, the court may transfer the proceeding . . . to another district for the convenience of the parties, any victim, and the witnesses, and in the interest in justice." Fed. R. Crim. P. 21(b). The general rule, however, is that "a criminal prosecution should be retained in the original district." *United States v. Parrilla*, No. 13-CR-360 (AJN), 2014 WL 2200403, at *1 (S.D.N.Y. May 22, 2014) (internal quotation marks omitted) (citing *United States v. United States Steel Corp.*, 233 F. Supp. 154, 157 (S.D.N.Y. 1964)). A criminal defendant, therefore, "bears the burden of justifying a transfer." *United States v. Canale*, No. 14-CR-713 (KBF), 2015 WL 3767147, at *3 (S.D.N.Y. June 17, 2015) (citing *United States v. Riley*, 296 F.R.D. 272, 275 (S.D.N.Y. 2014)); *see also United States v. Datta*, 797 F. Supp. 2d 448, 450 (S.D.N.Y. 2011) (citing *United States v. Valdes*, No. 05-CR-156 (KMK), 2006 WL 738403, at *3 (S.D.N.Y. Mar. 21, 2006).

In deciding whether to transfer a criminal action pursuant to Rule 21(b), a district court may consider the non-exhaustive list of factors enumerated by the Supreme Court in *Platt v. Minn. Mining & Mfg. Co.*, 376 U.S. 240, 243–44 (1964), including:

---

[1] The Court notes that Defendant originally asked for Rule 404(b) notice to be given ninety days before trial. (Def.'s Rule 404(b) Mot. at 4.) Defendant subsequently modified his request, and is now asking to receive notice sixty days prior to trial. (Def.'s Reply at 4.)

(a) location of the defendants; (b) location of the possible witnesses; (c) location of the events likely to be at issue; (d) location of relevant documents and records; (e) potential for disruption of the defendant's businesses if transfer is denied; (f) expenses to be incurred by the parties if transfer is denied; (g) location of defense counsel; (h) relative accessibility of the place of trial; (i) docket conditions of each potential district; and (j) any other special circumstances that might bear on the desirability of transfer.

*United States v. Maldonado-Rivera*, 922 F.2d 934, 966 (2d Cir. 1990). "No one of these considerations is dispositive, and it remains for the court to try to strike a balance and determine which factors are of the greatest importance." *Id.* (internal quotation marks omitted) (citing *United States v. Stephenson*, 895 F.2d 867, 875 (2d Cir. 1990)).

### B. Discussion

In the present case, neither party contends that venue is improper in the Southern District of New York. Rather, Defendant argues that "[a]llowing this case to be tried in New York ignores the situs of much of the relevant alleged conduct, the emotional and financial hardships that would be imposed on Mr. Pastore, and the orderly and efficient administration of justice." (Def.'s Venue Mot. at 1.) Specifically, Defendant contends that conducting trial in the Southern District of Florida would be preferable because both he and key witnesses reside in Florida, and the bulk of the alleged criminal activity occurred in Florida. The Government counters that Defendant has not met his burden of showing that this action should not be prosecuted in the district in which it was brought—the Southern District of New York. (Govt.'s Mem of Law in Opp. to Def.'s Pretrial Mot. "Govt.'s Opp." at 4, ECF No. 15).

After a review of the relevant *Platt* factors, as outlined below, this Court agrees with the Government and finds that transfer of this action to the Southern District of Florida is not warranted.

1. **Platt Factors**

    (a) *Location of defendant*

The first *Platt* factor—location of the defendant—weighs in favor of transfer; Mr. Pastore and his pregnant partner reside in Florida, not New York. (Def.'s Venue Mot. at 4.) Although the Government attempts to minimize the importance of this first *Platt* factor, "courts in this district have afforded greater weight to the defendant's interest in being tried in the district of his residence than to any other factor." *United States v. Valder*, No. 05-CR-156 (KMK), 2006 WL 738403, at *4 (S.D.N.Y. Mar. 21, 2006) (internal quotation marks omitted) (citing *United States v. Layne*, No. 05-CR-87 (HB), 2005 WL 1009765, at *2 (S.D.N.Y. May 2, 2005)); *see also United States v. Spy Factory, Inc.*, 951 F. Supp. 450, 456 (S.D.N.Y. 1997) ("[A]s a matter of policy courts should, whenever possible, try defendants where they reside." (internal quotation marks omitted)(citing *United States v. Russell*, 582 F. Supp. 660, 662 (S.D.N.Y. 1984))).

Indeed, the Supreme Court has previously cautioned against opening the door to "needles hardship to an accused by prosecution remote from home." *United States v. Johnson*, 323 U.S. 273, 275 (1944). [2] The imposition of such "needless hardship" on individual criminal defendants, Justice Frankfurter warned in *United States v. Johnson*, "leads to the appearance of abuses, if not to abuses, in the selection of what may be deemed a tribunal favorable to the prosecution." *Id.* While the Government points to the Supreme Court's finding in *Platt* that the location of a corporate Defendant's main office had "no independent significance in determining whether transfer to that district would be in the interest of justice," 376 U.S. at 245, that ruling does not

---

[2] Although the strict construction of venue in criminal matters adopted in *Johnson* was largely overruled by a subsequent act of Congress, Congress "could not and did not alter the constitutional and policy concerns underlying the Court's restrained view of venue." *United States v. Brennan*, 183 F.3d 139, 147 (2d Cir. 1999); *see also United States v. Saavedra*, 223 F.3d 85, 98 (2d Cir. 2000). This Court, therefore, heeds the fairness considerations outlined in *Johnson* in deciding whether to transfer an action "in the interest of justice" pursuant to Rule 21(b).

5

diminish the importance of this factor in the present context. As the Honorable John S. Martin aptly noted:

> [T]he fact that the Supreme Court determined that the home office of a multinational corporation charged with a nationwide conspiracy to fix prices would not be determinative in deciding the place of trial should not be read as a rejection by the Court of Justice Frankfurter's analysis in *Johnson* of the constitutional significance of an *individual* citizen's interest in being tried in the place of his residence. Thus, the Supreme Court's opinion in *Platt* is not inconsistent with the decisions in the district courts that have given greater weight to the defendant's interest in being tried in the district of his residence than to any factor.

*United States v. Ohran*, No. 99-CR-142 (JSM), 2000 WL 620217, at *3–4 (S.D.N.Y. May 12, 2000) (emphasis added).

Therefore, Mr. Pastore's residence in Florida, while not dispositive, significantly weighs in favor of transfer.

      (b) *Location of possible witnesses*

The second *Platt* factor—the location of possible witnesses—does not weigh in favor of transfer.

Defendant argues that a prosecution in this district will significantly hinder his ability to call character witnesses in his defense. (Def.'s Venue Mot. at 5.) However, "a naked allegation that witnesses will be inconvenienced by trial in a distant forum will not suffice for transfer . . . . Defendants must offer specific examples of witnesses' testimony and their inability to testify because of the location of trial." *Spy Factory, Inc.*, 951 F. Supp. at 456 (internal quotation marks omitted). While this Court recognizes that character witnesses may be of particular importance in cases involving fraud, Defendant fails to identify even one witness that he intends to call who would be unable to testify—or even inconvenienced—if the trial were conducted in New York. Defendant's mere averment that he *may* rely on character witnesses who *may* be located in

Florida is insufficient to sway this factor in his favor.

Although two of the Government's key witnesses reside in Florida—the intended recipient of the allegedly stolen check, and the apartment manager who will testify regarding Defendant's access to the mailbox from which the check was purportedly stolen—"the Government is prepared to accommodate these witnesses and assume the cost of their travel and incident expenses in connection with Pastore's trial." (Govt.'s Opp. at 9.) Further, the Government has identified at least one additional witness who is based in New York—the law enforcement officer who interviewed Mr. Pastore in the U.S. Attorney's Office for the Southern District of New York in June 2016.[3] (*Id.*).

Based on the above information, the second *Platt* factor does not support Defendant's transfer request.

(c) *Location of the events likely to be at issue*

The third *Platt* factor, which asks courts to consider the location of the events likely to be at issue at trial, neither favors nor disfavors transferring this action. The Indictment charges Mr. Pastore with one count of wire fraud in New York based on his withdrawal of fraudulently obtained funds from an ATM in this district. (Indictment at 1; Compl. at 3.) However, the check at issue in this action was sent to a Florida address; Mr. Pastore allegedly took possession of this check in Florida; and the check was deposited into his account via a Florida ATM. (Compl., ECF No. 1.)

---

[3] It is unclear where the remaining two witnesses identified by the Government—a representative of TD Bank and a representative of Bank of America—are located. This Court, therefore, does not consider the location of these witnesses in its decision-making calculus. Additionally, the Government claims that it is contemplating presenting Rule 404(b) evidence to show Defendant's intent, knowledge, and lack of mistake in depositing the check through other potential witnesses who may reside in New York. (*Id.*) The Government, however, does not meaningfully identify such witnesses. Thus, this Court similarly does not consider these potential Rule 404(b) witnesses in its venue determination.

While many of the underlying criminal activities took place in Florida, the charge against Mr. Pastore is based on his allegedly willful and conscious decision to withdraw and spend the fraudulently obtained money in this District. Venue would, therefore, be equally proper in this District and in Florida, making this factor neutral.

*(d) Location of relevant documents and records*

The location of relevant documents and records similarly does not weigh in either party's favor. As the Government admits, "modern developments in electronics and computing render documents readily available" to the parties, regardless of their location. (Govt.'s Opp. at 10.) "Because the location of documents and records is not a major concern in these days of easy and rapid transportation," this factor is neutral. *United States v. Brooks*, No. 08-CR-35 (PKL), 2008 WL 2944626, at *2 (S.D.N.Y. July 31, 2008) (internal quotation marks omitted); *U.S. v. Estrada*, 880 F. Supp. 2d 478, 484 (2012) ("It is well settled that given the conveniences of modern transportation and communication, the location of documents is a minor concern . . . ." (internal quotation marks omitted)).

*(e) Potential for disruption of the defendant's businesses if transfer is denied*

Defendant does not argue that a trial in White Plains would disrupt his business in any way. Accordingly, this factor does not support Defendant's motion for transfer. *See United States v. Guastella*, 90 F. Supp. 2d 335, 340 (S.D.N.Y. 2000) ("Defendants have not supplied the Court with any facts indicating how their businesses, jobs, or careers would be disrupted by trial in this district. Accordingly, this factor does not weigh in favor of transfer.").

*(f) Expenses to be incurred by the parties if transfer is denied*

Defendant contends that having to purchase roundtrip airfare from Florida to New York would present a financial hardship for him. (Def.'s Venue Mot. at 6.) However, as the

Government points out, 18 U.S.C. § 4285 allows the Court to order the U.S. Marshals Service to arrange or fund an indigent defendant's transportation for court proceedings. (Govt.'s Opp. at 11.) Indeed, the U.S. Marshals Service has already funded Mr. Pastore's travel for court proceedings in the past. (*Id.*) Further, as an indigent Defendant, Mr. Pastore may request that the Government provide reasonable funds for his stay in this District during his trial. (*Id.*); *see also Spy Factory*, 951 F. Supp. at 464 (conditioning the denial of a transfer motion on the Government "mak[ing] available to the defendant, upon a good faith showing of need, reasonable funds for transportation to New York City and for subsistence for the defendant and witnesses residing in the [alternate venue] whom he may reasonably call in his defense." (internal quotation marks omitted)). While Defendant argues that he will personally have to incur any travel expenses to meet with his attorney to *prepare* for trial, such potential costs must be weighed against the expenses that a change of venue would impose on the Government. If this action were transferred, the Government would have to relocate personnel who investigated the case to Florida, which would be costly. (Govt.'s Opp. at 12.) Further, this Court notes that Defendant fails to identify any specific "trial preparation" that he is currently unable to undertake with his attorney via telephonic or electronic means. Without such information, this *Platt* factor does not sway the Court in Defendant's favor.

   *(g) Location of counsel*

 Although defense counsel resides in New York, the current distance between Defendant and his attorney slightly favors transfer of this action. Mr. Pastore is currently represented by Assistant Federal Defender Rachel Martin. Ms. Martin's presence in New York impedes Mr. Pastore's ability to meet and confer with his attorney in person. While Ms. Martin and Mr. Pastore may prepare for trial over the phone, Defendant would have to incur substantial expenses

9

to fly from Florida to New York if he wishes to meet with his attorney face-to-face to prepare for trial. This Court is sympathetic to the fact that such expenses may be prohibitive for an indigent Defendant like Mr. Pastore. Mr. Pastore's desire to have this action transferred, which would likely result in appointment of new Florida-based counsel, is understandable.

However, the potential benefits of a change of venue must be balanced against the costs. While Defendant might have easier access to his attorney if this case were transferred to Florida, such new counsel would need to become familiarized with Mr. Pastore and this case—an endeavor that Ms. Martin has undoubtedly already undertaken since the initiation of this action several months ago.

Additionally, a change of venue would burden the Government, whose attorneys are based in New York. If this action were transferred, the Government's current attorneys would be forced to either travel to Florida, or transfer their case to colleagues who are wholly unfamiliar with it and who played no role in its investigation. Thus, Defendant's interest in more convenient in-person access to his attorney, while important, must be balanced against numerous countervailing considerations, placing this factor nearly in equipoise.

*(h) Relative accessibility of the place of trial*

Defendant does not contest the accessibility of the White Plains courthouse, which as the Government describes, "enjoys excellent train service within walking distance . . . , is at or near some of the busiest highways in the nation, and is within reasonable driving distance of four commercial airports." (Govt.'s Opp. at 13.) This factor, therefore, does not favor transfer.

*(i) Docket conditions of each potential district;*

Defendant does not contend that docket considerations favor transfer, and neither does the government argue that the docket conditions of either district counsel against transfer. Thus,

this factor is also neutral.

*(j) Any other special circumstances that might bear on the desirability of transfer.*

Defendant does not argue that there are any other special circumstances that bear on the desirability of transfer. The Government contends, however, that this Court should deny Defendant's motion because transfer of this action would likely result in delay, "since the case would then have . . . to be placed at the end of some other district court's busy criminal docket. . . ." *U.S. v. Keuylian*, 602 F.2d 1033, 1038 (2d Cir. 1979). The Government further argues that a transfer would be judicially inefficient because this Court has already devoted resources to this case that would likely have to be duplicated by a court unfamiliar with this action. Judicial economy considerations, therefore, counsel against transferring this action to the Southern District of Florida.

**2. Conclusion**

Only two of the ten *Platt* factors favor Defendant's motion in any way; the other eight remain neutral or militate against a change in venue. Because an overwhelming majority of the factors do not justify Defendant's request for a transfer, this Court finds that Defendant has failed to overcome the presumption that this prosecution should remain in the district in which it was brought. Accordingly, Defendant's motion pursuant to Rule 21(b) for transfer of this action to the Southern District of Florida is denied.

II. **Early Disclosure of Rule 404(b) Evidence**

Mr. Pastore also asks this Court to order the Government to provide notice of its intention to offer evidence pursuant to Federal Rule of Evidence 404(b) at least sixty days prior to trial. Under Rule 404(b), if the prosecutor intends to use "evidence of a crime, wrong, or other act" against a criminal defendant, the prosecutor must "provide *reasonable notice* of the general

nature of any such evidence that the prosecutor intends to offer at trial" and must "do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice." Fed. R. Evid. 404(b) (emphasis added). While Rule 404(b) does not specifically define "reasonable notice," "[c]ourts in this Circuit have held that two or three weeks['] notice is reasonable[, but] a longer period may be appropriate, depending on the circumstances." *United States v. Vaid*, No. 16-CR-763 (LGS), 2017 WL 3891695, at *13 (S.D.N.Y. Sept. 5, 2017) (internal quotation marks omitted) (citing *United States v. Rivera*, No. 16-CR-175 (LGS), 2017 WL 1843302, at *1 (S.D.N.Y. May 08, 2017)).

In the present case, Defendant has not identified any special circumstances that warrant the sixty day notice he requests. *See United States v. Ojeikere*, 299 F. Supp. 2d 254, 257 (S.D.N.Y. 2004) (denying defendant's request for immediate disclosure of Rule 404(b) evidence where "defendant has identified no special circumstances, other than the time needed to prepare motions to preclude such evidence, that would warrant earl[y] disclosure of any Rule 404(b) evidence."). Accordingly, Defendant's motion for sixty days' notice of Rule 404(b) evidence is denied at this time. The issue of reasonable notice can be further addressed during future appearances before this Court, at which a pretrial schedule that includes notice deadlines will be set.

## CONCLUSION

For the foregoing reasons, Defendant's motions to transfer this action and for early disclosure of Rule 404(b) are DENIED. The parties are directed to appear for a status conference scheduled on January 19, 2018 at 10:00 a.m. at the United States Courthouse, 300 Quarropas Street, Courtroom 218, White Plains, New York 10601. The Court advises Defendant

that he must appear in-person for the scheduled conference. The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 13 and 14.

Dated: January 11, 2018
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge